**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THRIVE SENIOR LIVING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> INNOVATIVE HEALTH, LLC, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 21-cv-4357 <br><br> Honorable Elaine E. Bucklo |

**FIRST AMENDED COMPLAINT**

**COMES NOW** Thrive Senior Living, LLC, ("Plaintiff") and sets forth its First Amended Complaint against Innovative Health, LLC ("Defendant") as follows:

**JURISDICTION**

1. This is an action for federal trademark infringement and unfair competition under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*, and for violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq*.

2. This Court has jurisdiction over the Federal causes of action set forth herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and has supplemental jurisdiction over the state law claims pursuant to 18 U.S.C. § 1367.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and § 1391(c) because Defendant committed the acts referenced in this Complaint within the State of Illinois and within this judicial district and division, and/or because the Defendant is subject to the court's personal jurisdiction with respect to this action in this judicial district.

## THE PARTIES

4. Plaintiff is a Georgia limited liability company with its principal place of business at 3280 Peachtree Road NE, Ste. 750, Atlanta, Georgia 30305.

5. On information and belief, Defendant is an Illinois limited liability company with its principal place of business at 6177 N. Lincoln Ave. #301, Chicago, Illinois 60659.

## RELEVANT FACTS

### PLAINTIFF'S TRADEMARKS

6. Plaintiff owns, operates and/or manages independent living, assisted living, and memory care communities under the name and marks THRIVE SENIOR LIVING and THRIVE SENIOR LIVING (Stylized) ("Plaintiff's Marks").

7. Plaintiff has been providing these services under Plaintiff's Marks in commerce in the United States continuously since at least as early as 2012.

8. Plaintiff registered its THRIVE SENIOR LIVING Marks with the U.S. Patent and Trademark Office (registration nos. 5,640,126 and 5,640,127). True and complete copies of the Registrations are attached as Exhibit A, together with the U.S. Trademark Office status reports for the registrations.

9. Plaintiff provides a variety of services at its communities, including memory care services for residents with Alzheimer's and other dementias.

10. Plaintiff also provides short-term rehabilitation services at its communities.

11. Plaintiff currently provides assisted living and memory care services under Plaintiff's Marks at twelve communities across thirteen states.

12. As recently as May 2021, Plaintiff has been underwriting new development senior living opportunities in the Chicago market, and continues to look for opportunities to expand into that market.

## DEFENDANTS INFRINGING CONDUCT

13. On information and belief, Defendant owns and/or operates long-term and short-term care communities in and around Chicago under the name THRIVE ("Infringing Mark").

14. On information and belief, Defendant provides memory care services for persons with Alzheimer's disease and other dementias at its communities under the Infringing Mark.

15. On information and belief, Defendant provides short-term rehabilitative care at its communities under the Infringing Mark.

16. On information and belief, Defendant began using the Infringing Mark for its services no earlier than 2020, subsequent to Plaintiff's first use and registration of Plaintiff's Marks.

17. On information and belief, Defendant has registered the domain name <thriveahead.com>.

18. On information and belief, Defendant advertises its short-term and long-term care communities at a website located at the URL www.thriveahead.com.

19. On information and belief, Defendant's use of the Infringing Mark has caused actual consumer confusion, mistake, or deception regarding the source, sponsorship, or affiliation of Defendant's services.

20. Plaintiff has not authorized Defendant to use Plaintiff's Marks on or in connection with short-term care, long-term care, or memory care services.

21. Defendant had constructive notice of Plaintiff's registered Marks pursuant to 15 U.S.C. § 1072.

22. Plaintiff sent a letter to Defendant on June 29, 2021 date informing Defendant of Plaintiff's federal trademarks registrations, alerting Defendant to the confusion its use of THRIVE had caused, and demanding that Defendant cease and desist further use of THRIVE for

its short- and long-term care communities. In response, Defendant refused to stop using the mark.

## COUNT I.

## FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

23. Paragraphs 1-22 are realleged and incorporated herein by reference.

24. Defendant's use of the Infringing Mark in the advertising and sale of short-term rehabilitative services and long-term memory care services is likely to cause confusion, or to cause mistake, or to deceive, and is likely to cause purchasers and potential purchasers to falsely believe that Defendant's services are sponsored by, approved by, or affiliated with Plaintiff.

25. Defendant's Infringing Mark is confusingly similar to the Plaintiff's Marks and the unauthorized use of the Infringing Mark by Defendant in commerce is likely to cause damage and other irreparable injury to Plaintiff unless such use is enjoined by this Court, Plaintiff having no adequate remedy at law.

26. Defendant's use of marks in commerce that are identical and/or confusingly similar to the Plaintiff's Marks is an infringement of Plaintiff's rights in and to its federally registered Plaintiff's Marks in violation of 15 U.S.C. § 1114.

27. Upon information and belief, Defendant's aforesaid acts have been and are being committed with the knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive. Defendant's acts are therefore intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

28. In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant, jointly and severally: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of Defendants' violation of

Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

29. Pursuant to 15 U.S.C. § 1117(b), this Court shall award Plaintiff three times Defendants' profits or Plaintiff's damages, whichever amount is greater, together with its reasonable attorney's fees, due to Defendant's intentional use of a mark or designation knowing such mark or designation to be counterfeit.

30. Pursuant to 15 U.S.C. § 1117(c), Plaintiff may elect to recover, in lieu of its actual damages or Defendant's profits, an award of statutory damages of not more than two million dollars ($2,000,000) per counterfeit mark per type of goods or services sold, offered for sale, or distributed in the United States for Defendant's willful use of a counterfeit mark.

31. Plaintiff has been or is likely to be irreparably damaged by Defendant's use of counterfeit marks in the United States, and will continue to be irreparably damaged unless permanently enjoined by this Court.

## COUNT II.

### FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(A)

32. Paragraphs 1-22 are realleged and incorporated herein by reference.

33. In providing short- and long-term care services in commerce in the United States under the THRIVE Mark, Defendant has used in connection with its services a false designation of origin that has or is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendant's services are sponsored by, approved by, originate with, or are affiliated with Plaintiff.

34. Defendant has caused its services to be offered for sale in interstate commerce with knowledge of such false designation of origin or description or representation.

5

35. Defendant has willfully promoted in commerce the sale of its services in a manner so as to falsely designate an origin or an association with Plaintiff, with Plaintiff's Marks, or with Plaintiff's services, so as to be likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendant's services, all to Defendant's profit and to Plaintiff's damage.

36. Plaintiff has been and/or will be irreparably damaged by the use of such false designation and/or representation, and will continue to be irreparably damaged unless Defendant is enjoined by this Court, Plaintiff having no adequate remedy at law.

37. Defendant has intentionally traded upon the goodwill established by Plaintiff through Defendant's advertising and sales of its services under the Infringing Mark in interstate commerce.

38. Defendant's acts constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

39. In accordance with 15 U.S.C. § 1116, Plaintiff is entitled to a preliminary and permanent injunction against the Defendant's further use of the Infringing Marks.

40. In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## COUNT III.

**VIOLATION OF THE ILLINOIS CONSUMER FRAUD
AND DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 505/1** *et seq.*

41. Paragraphs 1-22 are realleged and incorporated herein by reference.

42. In providing short- and long-term care services in Illinois under the THRIVE Mark, Defendant has engaged in an unfair method of competition and unfair or deceptive acts or practices that passes off the services of Defendant as those of Plaintiff, has or is likely to cause confusion or misunderstanding as to the source of Defendant's services, and has or is likely to cause confusion or misunderstanding as to Plaintiff's sponsorship, approval or certification of Defendant's services.

43. Defendant has caused its services to be offered for sale in Illinois with knowledge of such false designation of origin or description or representation.

44. Defendant has willfully promoted in Illinois the sale of its services in a manner so as to falsely designate an origin or an association with Plaintiff, with Plaintiff's Marks, or with Plaintiff's services, so as to be likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendant's services, all to Defendant's profit and to Plaintiff's damage.

45. On information and belief, Defendant's use of the Infringing Mark has caused actual consumer confusion, mistake, or deception regarding the source, sponsorship, approval or certification of Defendant's services and has such confusion has and will continue to cause damage to Plaintiff.

46. Plaintiff has been and/or will be irreparably damaged by the use of such false designation and/or representation, and will continue to be irreparably damaged unless Defendant is enjoined by this Court, Plaintiff having no adequate remedy at law

47. Defendant has intentionally traded upon the goodwill established by Plaintiff through Defendant's advertising and sales of its services under the Infringing Mark in Illinois

and has intended that consumers rely upon Defendant's false designation of origin or description or representation.

48. Defendant' acts constitutes a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq,*

49. In accordance with 815 ILCS 505/10a(c), Plaintiff is entitled to a preliminary and permanent injunction against the Defendant's further use of the Infringing Marks.

50. In accordance with 815 ILCS 505/10a(a), Plaintiff may recover from Defendant: (1) actual damages sustained by Plaintiff; and (2) punitive damages. Further, based upon the nature of Defendant's violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, Plaintiff is entitled to reasonable attorney's fees and costs incurred in bringing the instant action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1) That Defendant, and those persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from offering or providing short-term care, long-term care, memory care, or related services, or promoting and/or authorizing the sale or providing of such services, under the THRIVE Mark, or any other designation, trademark or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's services, or from otherwise infringing Plaintiff's THRIVE SENIOR LIVING Marks;

2) That Defendant be directed to file with the Court and serve upon Plaintiff, no later than ten (10) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction of the immediately preceding paragraph and any other provision of this Court's Order.

3) That an accounting be conducted and judgment be rendered against Defendant for:

  a) all profits received by Defendant from its sale of services under the THRIVE Mark;

  b) all damages in an amount proven at trial from, *inter alia*, Defendant's trademark infringement pursuant to 15 U.S.C. § 1051;

  c) any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action;

  d) alternatively, in lieu of its actual damages or Defendant's profits, Plaintiff may elect to recover statutory damages of not more than two million dollars per mark per type of good or service sold or offered for sale for Defendant's intentional use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c).

4) That any profits or damages assessed against Defendant for trademark infringement and unfair competition be trebled as provided by 15 U.S.C. § 1117;

5) That Defendant be required to pay to Plaintiff monetary damages to be used for corrective advertising to be conducted by Plaintiff.

6) Punitive damages in the amount determined to be just and appropriate.

7) That Plaintiff have and recover its expenses in this suit, including but not limited to its reasonable attorneys' fees and expenses, recoverable under 15 U.S.C. § 1117(a) and/or 815 ILCS 505/10a.

8) That Plaintiff have such other and further relief as this Court may deem just and proper.

Respectfully submitted September 13, 2021.

/s/ Steven P. Mandell

Mark L. Seigel
**THE SEIGEL LAW FIRM LLC**
Georgia Bar No. 634617
1397 Carroll Dr NW
Atlanta, GA 30318
Main: (770) 395-5920
Fax: (770) 395-5921
seigel@addipvalue.com

Steven P. Mandell (ARDC No. 6183729)
**MANDELL MENKES LLC**
1 N. Franklin St., Suite 3600
Chicago, IL 60606
Main: (312) 251-1000
Fax: (312) 251-1010
smandell@mandellmenkes.com

*Attorneys for Plaintiff*